UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

EUGENE BUSH,

             Plaintiff,

– against –

LEONARD PORTUONDO,
SUPERINTENDENT,

             Defendant.

**ORDER DENYING MOTION**

02-CV-2883 (JBW)



**JACK B. WEINSTEIN, Senior United States District Judge:**

| | | |
|---|---|---|
| **Petitioner** <br> **Eugene Bush** | represented by: | Joel Mark Stein <br> Law Offices of Joel M. Stein, Esq. <br> 30 Wall Street, 8th Floor <br> New York, NY 10005 <br> (212) 344-8008 <br> Fax: 718-789-2582 <br> Email: jmsteinesq@aol.com |
| **Respondent** <br> **Leonard Portuondo** <br> **Superintendent** | represented by | Morgan James Dennehy <br> Kings County District Attorney's Office <br> 350 Jay Street <br> Brooklyn, NY 11201 <br> (718) 250-2515 <br> Fax: 718-250-2505 <br> Email: dennehym@brooklynda.org |

This court cannot adjudicate plaintiff's complaint of an unconstitutionally conducted state trial unless the Court of Appeals for the Second Circuit grants petitioner permission to bring a second petition for a writ of habeas corpus. I respectfully suggest that such permission be granted by the Court of Appeals for the Second Circuit.



1

The chief witness for the prosecution did not inform the jury that he had made a relevant deal with an upstate district attorney that might have affected his testimony. This issue has never been the basis for an adjudicated habeas corpus petition in federal court.

Defendant moves under Rule 60(b)(6) of the Federal Rules of Civil Procedure to set aside this court's denial of his first petition for a writ of habeas corpus. *See* 28 United States Code §2254; Docket ("Doc") 32, 01/09/17. He was convicted in a New York State court of murder in the second degree committed on April 1, 1995, and possession of the gun with which the murder was committed.

His original petition in federal court for a writ of habeas corpus was dismissed by this court after a hearing; no certificate of appealability was granted. *See* Doc 11, 11/13/2003; 28 U.S.C. §2254.

An appeal was dismissed. *See* Doc 15, 06/25/2004. Petitioner then moved in the Court of Appeals for the Second Circuit for permission to file a successive petition. *See* Doc. 19, 01/24/2007. The motion was denied. *Id.*

An informal letter application to revisit the case was denied by this court. *See* Doc 22, 04/16/2013.

Petitioner's motion in the Court of Appeals for the Second Circuit for permission to bring a second petition (on grounds different from those relied on now) was denied. *See* Doc 24, 01/05/2016.

Movant and his counsel were fully heard on the present motion under Rule 60(b)(6) to vacate the November 29, 2003 dismissal of his first petition. *See* Minute entry Doc 35, 02/28/2017; transcript hearing 02/28/2017 ("TR"), *passim.*

The movant's ground for his present motion is based on a failure of the prosecution to inform defense counsel at the trial that the key witness had a cooperation agreement. The agreement was made with an upstate district attorney, and apparently was not known by the prosecuting Kings County attorney in the instant case. *See* TR pp. 6, 10, 12-14, 19, 24, 33; letter dated March 17, 2014 to movant from State of New York Grievance Committee for the Ninth Judicial District. This was a different ground from those pressed in the original petition - - voir dire error, failure to suppress petitioner's statement to police and limitation of defense cross-examination. *See* TR. p. 28.

The motion to vacate under Rule 60 is denied. As explained by the court orally at the hearing:

1. The motion is untimely. It comes some ten years after the Court of Appeals for the Second Circuit denied a motion to file a successive petition, with an inadequate legal excuse for the delay. Petitioner seeks to avoid any statutory or rule time barrier by an actual innocence claim. *See* TR. pp. 40-41. That defense does not avoid the need for permission from the Court of Appeals for the Second Circuit to bring a second petition.

2. The basis for this Rule 60 motion is information about the censure of the upstate prosecutor, apparently for failing to reveal a cooperation agreement with the chief prosecution witness in the downstate prosecution of the instant case. The failure allegedly came to petitioner's attention after this court denied his first petition. This is not a ground for relief under Rule 60. That rule is designed to protect against adjudication errors, not against events independent of, or subsequent to, the court's

decision. This motion is, in effect, a habeas corpus petition. It cannot be characterized as a Rule 60 motion.

The appropriate procedure is to move in the Court of Appeals for the Second Circuit for permission to bring a successive petition. This court has no power to entertain a second petition without consent from the Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 2244(b)(3)(A).

The grounds for a second petition may to be substantial. But this court has no power to evaluate them without permission from the Court of Appeals for the Second Circuit.

The trial court respectfully recommends that a second petition be permitted. There is a possible claim of innocence as well as a claim of decisive misleading of court and jury by the chief witness.

The motion for relief under Rule 60 is denied.

SO ORDERED.

_____
Jack B. Weinstein
Senior United States District Judge

Date: March 7, 2017
Brooklyn, New York