1

1                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF NEW YORK
2

3      - - - - - - - - - - - - -   X

4      EUGENE BUSH,                 :
                                              02-CV-2883(JBW)
5                Plaintiff,         :

6          -against-               :        United States Courthouse
                                            Brooklyn, New York
7      SUPERINTENDENT LEONARD
       PORTUONDO,                  :
8                                           June 7, 2017
                 Defendant.        :        10:30 o'clock a.m.
9
       - - - - - - - - - - - -   X
10

11                  TRANSCRIPT OF STATUS CONFERENCE
                 BEFORE THE HONORABLE JACK B. WEINSTEIN
12                  UNITED STATES DISTRICT JUDGE.

13
       APPEARANCES:
14

15     For the Plaintiff:          JOEL M. STEIN, ESQ.
                                    30 Wall Street, 8th Floor
16                                  New York, NY 10005

17
       For the Defendant:          KINGS COUNTY DISTRICT
18                                     ATTORNEY'S OFFICE
                                   BY:  MORGAN J. DENNEHY
19                                 350 Jay Street
                                   Brooklyn, NY 11201
20

21
       Court Reporter:             Charleane M. Heading
22                                 225 Cadman Plaza East
                                   Brooklyn, New York
23                                 (718) 613-2643

24     Proceedings recorded by mechanical stenography, transcript
       produced by computer-aided transcription.
25

2

1          THE CLERK:  Civil cause for status conference, Bush
2    versus Portuondo.
3          Give your name on the phone.  Give your name,
4    please.  Mr. Bush?
5          MR. BUSH:  Yes.  Yes.
6          THE CLERK:  Give your name.
7          MR. BUSH:  Eugene Bush.
8          THE CLERK:  Who represents Mr. Bush?
9          MR. STEIN:  Joel Stein for Eugene Bush.
10         THE COURT:  Who are you?
11         MRS. BUSH:   I'm Tracy Bush, Eugene's wife.
12         THE COURT:  I see.
13         MR. DENNEHY:  Morgan Dennehy for the District
14   Attorney's Office, Kings County.
15         THE COURT:  All right.  It is your motion, right?
16         MR. STEIN:  Yes.
17         THE COURT:  Now, let me just explain to you,
18   Mr. Bush, your wife is here listening to everything.  She is
19   at the table.  I am going to hear argument and then I am going
20   to take everybody out of the court except your wife and your
21   attorney so you can consult with your attorney and then we
22   will come back and see if there are other arguments you wanted
23   to make.
24         Do you understand?
25         MR. BUSH:  Yes.

CMH      OCR      RMR      CRR      FCRR

3

1          THE COURT:  Okay.  Proceed.

2          MR. STEIN:  Your Honor --

3          THE COURT:  The transcript will be paid for equally.

4   Send a copy to the petitioner.

5          MR. STEIN:  I'm CJA counsel, Your Honor.

6          THE COURT:  Yes.  Well, you can charge it.  Send a

7   copy to the movant.

8          MR. STEIN:  Okay.

9          Your Honor, on February 28th, we were here to argue

10  the Petitioner's 60(b)(6) petition.  It was rather extensive.

11  We covered a number of points.  And then on March 7th of this

12  year, the Court issued an order denying the petition, but in

13  the course --

14         THE COURT:  Denying the petition or the motion?

15         MR. STEIN:  Well --

16         THE COURT:  It was originally 2254.

17         MR. STEIN:  Correct.

18         THE COURT:  In state.

19         MR. STEIN:  Correct.

20         THE COURT:  That was a petition.  That petition was

21  denied, leave for appeal was denied, the Court of Appeals

22  viewed the term.

23         MR. STEIN:  Correct.

24         THE COURT:  Leave was sought for a second petition

25  and denied.

4

1          MR. STEIN:  Correct.

2          THE COURT:  So this is a motion under 60(b)

3     challenging this Court's decision denying the first petition,

4     correct?

5          MR. STEIN:  Yes.

6          THE COURT:  Okay.

7          MR. STEIN:  So, on March 7th, as I was saying, the

8     Court issued a decision or an order denying the 60(b)(6)

9     motion, but in the course of doing so, the Court made a number

10    of statements that we brought to your attention that were,

11    what we felt was erroneous.

12         THE COURT:  So the motion is to correct the opinion?

13         MR. STEIN:  Correct.

14         THE COURT:  All right.  Go ahead.

15         MR. STEIN:  Some of the points both sides agree need

16    to be corrected.

17         THE COURT:  All right.  Let me see a copy of the

18    order and we will correct it if it needs correction denying

19    the 60(b).

20         MR. STEIN:  Correct.

21         So on the second --

22         THE COURT:  Excuse me.  Is this the March 7, 2017

23    order?

24         MR. STEIN:  Yes.

25         THE COURT:  All right.  Go ahead.

1          MR. STEIN:  So, in the second paragraph on the

2    second page, I'm reading from the order, the Court stated, "He

3    was convicted in New York State of murder in the second degree

4    on April 1, 1995 and possession of a gun with which the murder

5    was committed."

6          So, there are two errors in that statement which the

7    respondent agrees are erroneous.  First, he was not convicted

8    of murder.  He was acquitted of the murder.

9          THE COURT:  He was acquitted?

10         MR. STEIN:  Of the murder.  And second --

11         THE COURT:  Wait a minute.  He was acquitted in a

12   New York State court of murder in the second degree.

13         MR. STEIN:  Correct.

14         THE COURT:  Yes.

15         MR. STEIN:  And although he was convicted of

16   possession of a weapon in the second degree, it was not the

17   weapon with which the murder was committed.

18         THE COURT:  Second degree and convicted of

19   possession of a gun.

20         MR. STEIN:  Correct.  Technically, it was possession

21   of a weapon in the second degree, but the language with which

22   the murder was committed is incorrect.

23         THE COURT:  Okay.  I will strike that.

24         What else?

25         MR. STEIN:  Okay.  I'm looking for the language, but

6

1  at one point during the course of the order --

2      THE COURT:  No.  Give me the exact changes you want

3  in the opinion.

4      MR. STEIN:  Okay.  On page three, the first

5  paragraph, starting in the third sentence, and this is the

6  point that both sides disagree on.

7      THE COURT:  The sentence beginning "This was a

8  different" --

9      MR. STEIN:  No, the third sentence of the first

10 paragraph, the second sentence.  It states, "The agreement was

11 made with an upstate" --

12     THE COURT:  Wait.  May I see your copy?

13     MR. STEIN:  It's right here where my highlighted

14 language is.  Page three in the first paragraph.

15     THE COURT:  The phrase, "Apparently was not known by

16 the prosecuting Kings County" --

17     MR. STEIN:  Correct.  That's the point that we

18 disagree about.

19     THE COURT:  I do not think it makes any difference.

20 I am just describing the phrase, "and apparently was not known

21 by the prosecuting Kings County Attorney in the instant case."

22     MR. DENNEHY:  I don't have an objection to that,

23 Judge.  I would object to an assertion that he was aware of

24 the agreement because there's no evidence that that is so, but

25 if the decision is silent as to whether or not he knew or

7

1  didn't know about the agreement, I think that's really

2  irrelevant for the purposes of the decision.

3       THE COURT:  Right.  So, we will strike the phrase

4  "and apparently was not known by the prosecuting Kings County

5  Attorney in the instant case."

6       MR. DENNEHY:  I think that's fine.

7       THE COURT:  What else?

8       MR. STEIN:  So, immediately before that, it states,

9  "An upstate district attorney."

10       THE COURT:  Wait a minute.  Yes.

11       MR. STEIN:  The words immediately before what you

12  just struck, "upstate district attorney," the district

13  attorney was from Kings County.  So, not particularly

14  significant, but --

15       THE COURT:  I thought it was upstate.

16       MR. DENNEHY:  The agreement was made with the

17  federal prosecutors from the Northern Division of New York,

18  but obviously the ADA that was imputed with the knowledge of

19  this agreement was the Brooklyn prosecutor.

20       MR. STEIN:  Correct.  So, the witness in question,

21  Ronald Ashby, had an agreement with the United States

22  Attorney's Office in the Northern District of New York.

23       THE COURT:  Okay.  The agreement was made with the

24  United States Attorney for the Northern District of New York.

25       You both agree?

8

1          MR. STEIN:  Yes.

2          MR. DENNEHY:  That's right, Judge.

3          THE COURT:  Okay.  Fine.  As I recall, the papers

4     were not as clear as they might have been.

5          Go ahead.  What else?

6          MR. STEIN:  I'm looking for the language.  At one

7     point during the course of the Court's order, you referred to

8     the discipline that was imposed by the grievance committee

9     upon the prosecutor.  You referred to it as a censure.  I

10    think the correct term is an admonition.

11         THE COURT:  Where is that?  I thought it was a

12    censure, but go ahead.  We will change it the way you want it.

13         It is in the paragraph marked 2 on the bottom of

14    page three.  "The basis for this Rule 60 motion is information

15    about" --

16         MR. STEIN:  Correct, the first line of the

17    paragraph.

18         THE COURT:  "The admonition"?

19         MR. STEIN:  It should be, instead of "censure," it

20    should be "an admonition."

21         THE COURT:  "An admonition to."

22         MR. STEIN:  Correct.

23         THE COURT:  And we refer to them as the upstate

24    prosecutor.  Is that sufficient?

25         MR. DENNEHY:  If you're referring to the trial ADA,

9

1  he's not the upstate prosecutors.  He's the Kings County

2  prosecutor.

3          THE COURT:  "The basis for this Rule 60 motion is

4  information about the admonition to the Kings County" --

5          MR. DENNEHY:  He's a Brooklyn prosecutor, Judge.

6  He's not from upstate.

7          THE COURT:  "To the prosecutor."

8          MR. DENNEHY:  That's fine.

9          Okay.  The other point I wanted to bring to the

10  Court's --

11          THE COURT:  Now, what other corrections do you want

12  on the opinion?

13          MR. STEIN:  No other corrections.

14          THE COURT:  Otherwise, the opinion, although not

15  satisfactory in its conclusion, is accurate?

16          MR. STEIN:  Correct.

17          THE COURT:  All right.  We will do this today and

18  call it an amended order denying motion and with these

19  corrections duly appointed.

20          MR. STEIN:  Judge, there is one other point about

21  the language.  It's not a correction.

22          THE COURT:  Okay.  Wait a minute.

23          And dated today.

24          MR. STEIN:  June 7th.

25          THE COURT:  June 7th.

1        Now, what else?

2        MR. STEIN:  Okay.  As I said, it's not a correction,

3  but maybe a clarification.

4        On the first page of the Court's order, the second

5  sentence says, "I respectfully suggest that such permission be

6  granted by the Court of Appeals for the Second Circuit."

7        I don't know whether or not the Court intended in

8  that language to state that the Court was granting a

9  certificate of appealability --

10        THE COURT:  No.

11        MR. STEIN:  -- which you know is necessary.

12        THE COURT:  I don't believe a certificate of

13  disability --

14        MR. STEIN:  Appealability.  I'm sorry.

15        THE COURT:  -- is called for on a Rule 60 motion.  I

16  usually make a reference to it because the law is unclear, but

17  there is no statute or rule suggesting that this court can

18  grant a certificate of appealability.

19        Do you know of any?

20        MR. DENNEHY:  No, Judge, I don't.

21        THE COURT:  Or that the Court of Appeals needs to.

22        MR. STEIN:  Well, obviously --

23        THE COURT:  Excuse me.  I am going to just strike

24  that sentence.

25        MR. STEIN:  I don't want you to strike it, Judge.

11

1    THE COURT:  I know you do not, but I am going to.

2    MR. STEIN:  I wasn't requesting it.

3    THE COURT:  Because on reflection, I do not think it

4  is appropriate.

5    MR. STEIN:  Judge, I'd prefer that, as opposed to --

6  if you think a certificate of appealability is not appropriate

7  for this kind of proceeding, then I prefer that that language

8  remain in there so that the Court of Appeals can see what your

9  recommendation is.

10   THE COURT:  I don't understand why I --

11   MR. STEIN:  In the last paragraph of the order on

12  page four, actually, the last two paragraphs, I think is what

13  perhaps the Court had in mind.

14   "The grounds for a second petition may be

15  substantial, but this court has no power to evaluate them

16  without permission from the Court of Appeals.  The trial court

17  respectfully recommends that a second petition be permitted.

18  There is a possible claim of innocence as well as a claim of

19  decisive misleading of the court and jury by the chief

20  witness."

21   So, I'm assuming that that is the reason that you

22  had in mind.

23   THE COURT:  Well, the actual motion before me was a

24  Rule 60 motion and that was denied.  Let me read the wording

25  of the opinion.

12

1        (Pause.)

2        THE COURT:  So, I am taking out the sentence, "which

3    I respectfully suggest that such permission be granted by the

4    Court of Appeals for the Second Circuit."  We will deal with

5    that as you mentioned later.

6        I will add at the beginning, because that is what

7    the order deals with, "The court denies the motion under

8    Rule 60."  I will put that right up front.

9        We have the changes in the second full paragraph on

10   page two, first full paragraph on page three, and the

11   paragraph marked two on page three.

12       Who are these people that just came into court?

13       THE CLERK:  Interns.

14       THE COURT:  Interns this year?  Sit in the jury box

15   if you are coming into court so you can hear what is going on.

16       So, we are changing paragraph two as I have

17   indicated.  Then we come to page four.

18       I indicate in my ruling in paragraph two that proper

19   grounds for relief under Rule 60 does not exist and that

20   essentially, the motion is one which is a habeas corpus

21   petition and should not be characterized as a Rule 60 motion.

22   Then I say that I respectfully recommend that a second

23   petition be permitted.

24       You do not object to that?

25       MR. STEIN:  No.

13

1        THE COURT:  "There is a possible claim of innocence

2   as well as a claim of decisive misleading of court and jury by

3   the chief witness."

4        That is your position.

5        MR. STEIN:  Yes.

6        THE COURT:  So, the only question before me now is

7   whether it is appropriate, having gone through the papers, to

8   say that I think there may be a substantial question.

9        What is your view?

10       MR. DENNEHY:  I would argue that there is no basis

11  for a second petition.  I've addressed this claim in state

12  court argument.  Any error in failing to disclose this

13  cooperation agreement was harmless and I set forth my factual

14  basis for that argument.  So, I don't think the claim has

15  merit.  I don't think it warrants a second habeas corpus

16  petition.

17       THE COURT:  Well, I have not decided that issue,

18  correct?

19       MR. DENNEHY:  Correct, Judge.

20       THE COURT:  Because I have no power.  After I denied

21  the first petition under the statute, permission has to be

22  granted by the Court of Appeals for a second petition.  As I

23  understand it, no application has been made to the Court of

24  Appeals for the Second Circuit for permission to bring a

25  second petition under the statute.  Correct?

14

1        MR. DENNEHY:  That's incorrect, Judge.

2        MR. STEIN:  There was one made in 2006.

3        THE COURT:  And denied?

4        MR. STEIN:  It was denied and we intend on seeking

5   permission from the Court of Appeals to file a request to file

6   a second or successive petition.

7        MR. DENNEHY:  In other words, this exact request was

8   already made of the Court of Appeals and they denied the

9   request.  They're seeking to just renew that request.

10       MR. STEIN:  I don't agree.

11       THE COURT:  Let me see the docket sheet, please.

12       MR. STEIN:  I don't agree at all that it is the

13  same.

14       MR. DENNEHY:  The date of the Second Circuit's

15  decision denying the motion to file a second or successive

16  petition is dated May 20, 2004 -- actually, no.  Let me revise

17  that.

18       MR. STEIN:  November 22, 2006.

19       MR. DENNEHY:  Yes, I'm sorry.  That's accurate.

20  Sorry.

21       THE COURT:  I have it as item 24, January 5, 2016,

22  on the docket sheet:  "Petitioner moves for leave to file a

23  successive 28 U.S. Code 2254 petition.  It is hereby ordered

24  that the motion is denied.  Issued as a mandate."

25       MR. STEIN:  I have a copy of the mandate.

15

1   Mr. Dennehy is correct.

2            MR. DENNEHY:  That's what my sheet shows.

3            MR. STEIN:  November 2, 2006.  That's when the

4   mandate was issued.

5            THE COURT:  Well, here is what the docket shows.

6            MR. STEIN:  Here's a copy of the mandate, Judge.

7            THE COURT:  Well, I also show as item number 19 --

8            MR. STEIN:  That's this.

9            THE COURT:  -- January 24, 2007.

10           MR. STEIN:  Right.  That's when it was -- I have

11  that.  It's document number 19.  It was filed on January 24,

12  2007, but the mandate was issued by the Second Circuit on

13  November 22, 2006.

14           THE COURT:  I don't have that on my docket sheet.

15  May I see the mandate?  Let us mark the mandate issued

16  November 22nd.  They docketed it on another date, but you are

17  relying on the mandate itself, not on the docket sheet.

18           MR. STEIN:  Correct.

19           THE COURT:  Okay.  Let us mark the mandate Court

20  Exhibit 1 at this hearing.

21           (Court Exhibit 1 so marked.)

22           THE COURT:  So, in the first full paragraph, where

23  it says, "The appropriate procedure is to move in the Court of

24  Appeals for the Second Circuit for permission to bring a

25  successive petition," I propose adding "cf., mandate issued by

1   the Court of Appeals for the Second Circuit denying an order

2   to consider a successive 28 U.S. Code Section 2254 petition."

3              We will leave the rest of that paragraph as is.

4   Okay?

5              MR. DENNEHY:  That's fine, Judge.

6              MR. STEIN:  Okay.

7              THE COURT:  Now, the only question in my mind is

8   whether I should withdraw, in view of the amendments, the

9   recommendation that a second petition be permitted.  I have

10  never in 50 years made a recommendation like that so far as I

11  can recall to the Court of Appeals, even though I have decided

12  over 500 habeas petitions.  It is probably inappropriate.

13             What is your view?

14             MR. DENNEHY:  I would prefer you didn't, but I'm not

15  going to tell Your Honor what to do.  If you feel it's

16  appropriate to make the recommendation, I'm not going to tell

17  you otherwise, but I prefer the recommendation not be in the

18  decision.

19             MR. STEIN:  Judge, my view, of course, is that the

20  recommendation remains in there particularly since it's

21  preceded by the explanation for the recommendation in the

22  paragraph right above that on page four.

23             THE COURT:  Well, there is no motion pending for a

24  second petition yet.  You are going to make a motion for a

25  second petition for --

17

1          MR. STEIN:  Right.

2          THE COURT:  -- permission, right?

3          MR. STEIN:  Yes.

4          THE COURT:  And that second petition is going to be

5     based on a possible claim of innocence as well as a claim of

6     decisive misleading of the court and jury by the chief

7     witness, correct?

8          MR. STEIN:  Yes.

9          THE COURT:  So, the paragraph stating, "The grounds

10    for a second petition may be substantial but this Court has no

11    power to evaluate them without the permission from the Court

12    of Appeals of the Second Circuit" is being stricken.  It is

13    redundant.

14          The question now before the Court is whether it is

15    appropriate for the trial court, this court, now to say that

16    it "respectfully recommends that a second petition be

17    permitted.  There is a possible claim of innocence as well as

18    a claim of decisive misleading of court and jury by the chief

19    witness."

20          Civil Rule 1 of the Federal Rules of Civil Procedure

21    says the rules shall be "construed, administered, and employed

22    by the court and the parties to secure the just, speedy, and

23    inexpensive determination of every action and proceeding."

24          I am going to add to that sentence the following:

25    "This court does not believe it is inappropriate to recommend

CMH      OCR      RMR      CRR      FCRR

1 granting of the motion permitting a second petition that

2 counsel states will be promptly made in a court of appeal."

3        That is correct, right?

4        MR. STEIN:  Yes, it is.

5        THE COURT:  "cf., Federal Rules of Civil Procedure

6 Rule 1 that the rules 'should be construed, administered, and

7 employed by the court ... to secure the just determination of

8 every ... proceeding.'"

9        So, the last sentence, which so far as I know has

10 never been used by another court, certainly not by this court

11 which has had more experience with state habeas corpus 2254

12 petitions than any other court in the country since I did 500

13 of them at one time, will add the extra sentence as follows.

14        "The trial court respectfully recommends that a

15 second petition be permitted.  There is a possible claim of

16 innocence as well as a claim of decisive misleading the court

17 and jury by the chief witness.  This court does not believe it

18 is inappropriate to recommend granting of the motion

19 permitting a second petition that counsel states will be

20 promptly made in a court of appeal.  *cf.,* Federal Rules of

21 Civil Procedure Rule 1:  The rules 'should be construed,

22 administered, and employed by the court ... to secure the

23 just ... determination of every ... proceeding.'"

24        That is now the way I will issue an amended order.

25        Is that satisfactory to you?

19

1          MR. STEIN:  Yes.

2          THE COURT:  And what is your view?

3          MR. DENNEHY:  It's satisfactory to me as well,

4   Judge.

5          THE COURT:  Is it satisfactory to the petitioner,

6   movant on the phone?

7          Mr. Bush?

8          MR. BUSH:  Yes, Your Honor.

9          THE COURT:  It is satisfactory to your attorney.  Is

10  it satisfactory to you?

11         MR. BUSH:  Well, I haven't looked it over with my

12  attorney.

13         THE COURT:  All right.  We will clear the courtroom

14  for a moment.

15         MR. BUSH:  Okay.

16         THE COURT:  And you can consult with your attorney.

17         MR. BUSH:  Right.

18         THE COURT:  We have some students here.  I want to

19  explain what is happening here.

20         MR. BUSH:  Your Honor, but one thing I would like to

21  say to you, if you allow me to.

22         THE COURT:  Yes.

23         MR. BUSH:  February 2003 --

24         THE COURT:  I can't hear you.

25         MR. BUSH:  February 2003, February 2003, you denied

1  my habeas corpus motion.  You nor I -- I didn't know anything

2  about the statement, we had no statements.  In 2005, that's

3  when I discovered the statement.  So, the District Attorney --

4       THE COURT:  Excuse me.  Excuse me.  Mr. Bush, I

5  suggest you talk to your attorney.  You are not doing your

6  case any good rearguing it when you have won the motion.

7       Everybody shall clear the courtroom.  They will

8  discuss it over the phone.  He is in prison.  They did not

9  want to bring him down.  Then we will come back in and we will

10  hear what his attorney says and I will explain to you what is

11  going on.

12       MR. BUSH:  Thank you, Your Honor.

13       THE COURT:  Something you will never see again in

14  your practice.

15       MR. BUSH:  Thank you.

16       THE COURT:  Everybody out.

17       (Recess taken.)

18       (In open court.)

19       THE COURT:  You consulted with your client?

20       MR. STEIN:  Yes.  He doesn't wish to say anything

21  further.

22       THE COURT:  Thank you.

23       All right.  Then the hearing is closed and I will

24  issue the amended order.

25       MR. STEIN:  Okay.

21

1          THE COURT:  And you will order a copy of the minutes

2  jointly paid for and send a copy right over to him.

3          MR. STEIN:  Yes, I will.

4          THE COURT:  All right.  This is the end of petition

5  and hearing.

6          Thank you, sir.  Good night.

7          MR. BUSH:  Thank you, Your Honor.

8          (Matter concluded.)

9

10

11

12                    *    *    *    *    *

13

14

15  I certify that the foregoing is a correct transcript from the
    record of proceedings in the above-entitled matter.
16

17     /s/ Charleane M. Heading              August 1, 2017
    _____      _____
18       CHARLEANE M. HEADING                     DATE

19

20

21

22

23

24

25

                CMH      OCR      RMR      CRR      FCRR